1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ERIC BUENAFE,

11            Plaintiff,              No. 2:13-cv-0771 DAD P

12      vs.

13   CAPTAIN FALLE et al.,

14            Defendants.            <u>ORDER</u>

15   _____/

16            Plaintiff is a county jail inmate proceeding pro se.  Plaintiff seeks relief pursuant

17   to 42 U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C.

18   § 1915.  This proceeding was referred to the undersigned magistrate judge in accordance with

19   Local Rule 302 and 28 U.S.C. § 636(b)(1).

20            Plaintiff has submitted a declaration that makes the showing required by 28

21   U.S.C. § 1915(a).  Accordingly, the court will grant plaintiff's request for leave to proceed in

22   forma pauperis.

23            Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28

24   U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee

25   in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will

26   direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account

                                          1

and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

## SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  <u>See</u> 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  <u>See</u> 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  <u>Neitzke</u>, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  <u>See</u> <u>Jackson v. Arizona</u>, 885 F.2d 639, 640 (9th Cir. 1989); <u>Franklin</u>, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)).  However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  <u>Bell Atlantic</u>,

2

550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

### PLAINTIFF'S COMPLAINT

In the present case, plaintiff has identified as defendants Captain Falle, Lieutenant Day, Lieutenant Radamaker, Sergeant Purcell, Sergeant Rayls, Sergeant Chand, Sergeant Zetwick, Officer Criste, Officer Van Kopp, Officer Austin, and Officer Wyrsch.  All of the

defendants are employed at the Monroe Detention Center in Woodland, California.  According to the allegations of plaintiff's complaint, the defendants consistently refuse to give plaintiff relief or resolve his problems through the inmate grievance process.  Plaintiff points to several of his previously-filed inmate grievances regarding employee assaults, lost outgoing and/or withholding of incoming legal mail, verbal harassment, and prejudice in housing to show that defendants denied him relief at all three levels of review.  In terms of relief in this cause of action, plaintiff requests monetary damages.  (Compl. at 5 & Attachs.).

**DISCUSSION**

The allegations in plaintiff's complaint are so vague and conclusory that the court is unable to determine whether the current action is frivolous or fails to state a claim for relief.  The complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to the defendants and must allege facts that support the elements of the claim plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support his claims.  Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file an amended complaint.

In any amended complaint, plaintiff must allege facts demonstrating how the conditions complained of resulted in a deprivation of plaintiff's federal constitutional or statutory rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Plaintiff must also allege in specific terms how each named defendant was involved in the deprivation of his rights.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

1      If plaintiff elects to pursue this action by filing an amended complaint, he must

2   clarify what constitutional or federal statutory right he believes each defendant has violated and

3   support each claim with factual allegations about each defendant's actions.  To the extent that

4   plaintiff wishes to raise a claim against any of the defendants for the way they have (or have not)

5   processed his inmate appeals, citizen's complaints, and staff complaints, he fails to state a

6   cognizable claim for relief.  Jail officials are not required under federal law to process inmate

7   grievances in a specific way or to respond to them in a favorable manner.  In this regard, even if

8   the defendants delayed, denied, or erroneously screened out plaintiff's grievances, they have not

9   deprived him of a federal constitutional right.  It is well established that "inmates lack a separate

10   constitutional entitlement to a specific prison grievance procedure."  Ramirez v. Galaza, 334

11   F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)).  See

12   also, e.g., Wright v. Shannon, No. CIV F-05-1485 LJO YNP PC, 2010 WL 445203 at *5 (E.D.

13   Cal. Feb. 2, 2010) (plaintiff's allegations that prison officials denied or ignored his inmate

14   appeals failed to state a cognizable claim under the First Amendment); Walker v. Vazquez, No.

15   CIV F-09-0931 YNP PC, 2009 WL 5088788 at *6-7 (E.D. Cal. Dec. 17, 2009) (plaintiff's

16   allegations that prison officials failed to timely process his inmate appeals failed to a state

17   cognizable under the Fourteenth Amendment); Towner v. Knowles, No. CIV S-08-2833 LKK

18   EFB P, 2009 WL 4281999 at *2 (E.D. Cal. Nov. 20, 2009) (plaintiff's allegations that prison

19   officials screened out his inmate appeals without any basis failed to indicate a deprivation of

20   federal rights); Williams v. Cate, No. F-09-0468 OWW YNP PC, 2009 WL 3789597 at *6 (E.D.

21   Cal. Nov. 10, 2009) ("Plaintiff has no protected liberty interest in the vindication of his

22   administrative claims.").[1]

23

24      [1]  Of course, plaintiff may, if he wishes to do so, allege facts in any amended complaint
he elects to file supporting substantive claims of excessive use of force or assaults, interference
25   with his First Amendment rights with respect to interference with his legal mail, the conditions of
his confinement or a violation of his rights to due process or otherwise in his housing
26   assignment.

1    Plaintiff is informed that the court cannot refer to a prior pleading in order to

2 make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

3 complaint be complete in itself without reference to any prior pleading.  This is because, as a

4 general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

5 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

6 longer serves any function in the case.  Therefore, in an amended complaint, as in an original

7 complaint, each claim and the involvement of each defendant must be sufficiently alleged.

8                                           **OTHER MATTERS**

9    Also pending before the court is plaintiff's motion for the court to waive any copy

10 requirements and fees.  Insofar as the Federal Rules of Civil Procedure and the court's Local

11 Rules require such copies, the court will not waive these requirements without good cause or

12 justification for doing so.  Nor can the court simply waive fees or make copies of documents for

13 plaintiff.  The expenditure of public funds on behalf of an indigent litigant is proper only when

14 authorized by Congress.  Tedder v. Odel, 890 F.2d 210 (9th Cir. 1989).  The in forma pauperis

15 statute does not authorize the expenditure of public funds for this purpose.  See 28 U.S.C.

16 § 1915.  Accordingly, the court will deny plaintiff's motion without prejudice.  If plaintiff wishes

17 to seek such relief he should support it with a declaration submitted under penalty of privilege

18 describing the nature of the difficulty in obtaining any necessary copies at his place of

19 confinement.

20                                           **CONCLUSION**

21    Accordingly, IT IS HEREBY ORDERED that:

22    1.  Plaintiff's application to proceed in forma pauperis (Doc. No. 2) is granted.

23    2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

24 Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

25 § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

26 Sheriff of Yolo County filed concurrently herewith.

3.  Plaintiff's complaint is dismissed.

4.  Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint"; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed without prejudice.

5.  The Clerk of the Court is directed to send plaintiff the court's form for filing a civil rights action.

6.  Plaintiff's motion for the court to waive any copy requirements and fees (Doc. No. 6) is denied without prejudice.

DATED: August 28, 2013.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
buen0771.14

7