UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC BUENAFE,<br><br>            Plaintiff,<br><br>    v.<br><br>CAPTAIN FALLE et al.,<br><br>            Defendants. | No.  2:13-cv-0771 DAD P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's amended complaint.

**SCREENING REQUIREMENT**

As the court previously advised plaintiff, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

1

1  indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,
2  490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully
3  pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th
4  Cir. 1989); Franklin, 745 F.2d at 1227.

5  Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain
6  statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
7  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic
8  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).
9  However, in order to survive dismissal for failure to state a claim a complaint must contain more
10 than "a formulaic recitation of the elements of a cause of action;" it must contain factual
11 allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550
12 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the
13 allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.
14 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all
15 doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

16 The Civil Rights Act under which this action was filed provides as follows:

17 > Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the
18 > deprivation of any rights, privileges, or immunities secured by the
> Constitution . . . shall be liable to the party injured in an action at
19 > law, suit in equity, or other proper proceeding for redress.

20 42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the
21 actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See
22 Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362
23 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the
24 meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or
25 omits to perform an act which he is legally required to do that causes the deprivation of which
26 complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

27 Moreover, supervisory personnel are generally not liable under § 1983 for the actions of
28 their employees under a theory of respondeat superior and, therefore, when a named defendant

1  holds a supervisorial position, the causal link between him and the claimed constitutional

2  violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979);

3  Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).  Vague

4  and conclusory allegations concerning the involvement of official personnel in civil rights

5  violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

## PLAINTIFF'S AMENDED COMPLAINT

In his amended complaint, plaintiff has identified Capitan Falle and a number of lieutenants, sergeants, and other correctional officers as the defendants.  Therein plaintiff alleges that since he arrived at the Yolo County Detention Center, the defendants have deprived him of his constitutional rights.  For example, plaintiff claims, the defendants have refused to give him a c-pap for his sleep apnea, have assaulted him by grabbing a breaded hot dog from him, have rehoused him as a form of punishment, and have tampered with both his incoming and outgoing legal mail.  In terms of relief, plaintiff requests damages.  (Am. Compl. at 1-4.)

## DISCUSSION

The allegations in plaintiff's amended complaint are so vague and conclusory that the court is unable to determine whether the current action is frivolous or fails to state a claim for relief.  The amended complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to the defendants and must allege facts that support the elements of the claim plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support his claims.  Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the amended complaint must be dismissed.  In the interests of justice, the court will grant plaintiff leave to file a second amended complaint.

If plaintiff chooses to file a second amended complaint, he must allege facts demonstrating how the conditions complained of resulted in a deprivation of plaintiff's federal constitutional or statutory rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  In addition, plaintiff must allege in specific terms how each named defendant was involved in the deprivation

3

1   of plaintiff's rights.  There can be no liability under 42 U.S.C. § 1983 unless there is some
2   affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo
3   v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v.
4   Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations of official
5   participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266,
6   268 (9th Cir. 1982).

7        Plaintiff is advised of the following legal standards that appear to govern his claims.  First,
8   insofar as plaintiff is dissatisfied with the medical care provided to him by defendants, he is
9   advised that the Supreme Court held that inadequate medical care did not constitute cruel and
10  unusual punishment cognizable under § 1983 unless the mistreatment rose to the level of
11  "deliberate indifference to serious medical needs."  Estelle v. Gamble, 429 U.S. 97, 106 (1976).
12  Deliberate indifference is "a state of mind more blameworthy than negligence" and "requires
13  'more than ordinary lack of due care for the prisoner's interests or safety.'"  Farmer v. Brennan,
14  511 U.S. 825, 835 (1994).

15       To state a cognizable claim for inadequate medical care, plaintiff needs to allege facts
16  demonstrating how each defendant's actions rose to the level of "deliberate indifference."  In this
17  regard, plaintiff must allege who specifically was involved in his medical care, explain why the
18  care he received was inadequate, and clarify what injury he suffered as a result of the defendant's
19  medical care.  Plaintiff is advised that "mere 'indifference,' 'negligence,' or 'medical
20  malpractice' will not support this cause of action."  Broughton v. Cutter Lab., 622 F.2d 458, 460
21  (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06).  Likewise, a mere disagreement between
22  plaintiff and defendants as to how defendants provided him with medical care fails to state a
23  cognizable § 1983 claim.  See Toguchi v. Soon Hwang Chung, 391 F.3d 1051, 1058 (9th Cir.
24  2004); Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

25       Insofar as plaintiff believes that defendant Wyrsch used excessive force against him, he is
26  advised that the Eighth Amendment prohibits the infliction of "cruel and unusual punishments."
27  U.S. Const. amend. VIII.  It is well established that the "unnecessary and wanton infliction of
28  pain" constitutes cruel and unusual punishment prohibited by the United States Constitution.

1  Whitley v. Albers, 475 U.S. 312, 319 (1986).  See also Ingraham v. Wright, 430 U.S. 651, 670

2  (1977); Estelle, 429 U.S. at 105-06.  Neither accident nor negligence constitutes cruel and

3  unusual punishment, as "[i]t is obduracy and wantonness, not inadvertence or error in good faith,

4  that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause."  Whitley,

5  475 U.S. at 319.

6       What is needed to show unnecessary and wanton infliction of pain "varies according to

7  the nature of the alleged constitutional violation."  Hudson v. McMillian, 503 U.S. 1, 5 (1992)

8  (citing Whitley, 475 U.S. at 320).  The plaintiff must allege facts showing that objectively he

9  suffered a sufficiently serious deprivation and that subjectively each defendant had a culpable

10 state of mind in allowing or causing the plaintiff's deprivation to occur.  Wilson v. Seiter, 501

11 U.S. 294, 298-99 (1991).  In any second amended complaint plaintiff elects to file, he will need to

12 allege how defendant Wyrsch's grabbing of a breaded hot dog from him rises to the level of an

13 Eighth Amendment violation.  Plaintiff is advised that "the Eighth Amendment's prohibition of

14 'cruel and unusual' punishments necessarily excludes from constitutional recognition *de minimis*

15 uses of physical force, provided that the use of force is not of a sort repugnant to the conscience

16 of mankind."  Hudson, 503 U.S. at 9.

17      To the extent that plaintiff wishes to proceed on a retaliation claim against defendants for

18 changing his housing assignment, he is advised that prison officials may not retaliate against

19 prisoners for filing administrative grievances and pursuing civil rights litigation in the courts.  See

20 Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir. 2005).  However, the Ninth Circuit has made

21 clear:

22 > Within the prison context, a viable claim of First Amendment
> retaliation entails five basic elements:  (1) An assertion that a state
23 > actor took some adverse action against an inmate (2) because of (3)
> that prisoner's protected conduct, and that such action (4) chilled
24 > the inmate's exercise of his First Amendment rights, and (5) the
> action did not reasonably advance a legitimate correctional goal.
25

26 Id. at 567-68.  In any second amended complaint plaintiff elects to file, he must specify which

27 defendants were involved in retaliating against him, explain what adverse actions they took

28 against him, and indicate why he believes they were substantially motivated by his protected

1    conduct.  Plaintiff is advised that a retaliation claim cannot rest on the logical fallacy of *post hoc,*
2    *ergo propter hoc*, literally, "after this, therefore because of this."  See Huskey v. City of San Jose,
3    204 F.3d 893, 899 (9th Cir. 2000).
4         Finally, insofar as plaintiff wishes to present a claim regarding tampering with his legal
5    mail, he is advised that he must clarify what constitutional or statutory right of his he believes
6    each defendant has violated.  If, for example, plaintiff believes that defendants have denied him
7    access to the courts by not allowing him to mail his legal mail, he should state the claim clearly in
8    his second amended complaint.  Plaintiff is cautioned, however, that he must allege facts
9    demonstrating an "actual injury" to state a cognizable claim for denial of access to the courts.
10   See Lewis v. Casey, 518 U.S. 343, 351-52 (1996); Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir.
11   1989).  Moreover, while prisoners enjoy a First Amendment right to send and receive mail,
12   isolated incidents of mail interference without any evidence of improper motive or resulting
13   interference with the right to counsel or access to the courts do not give rise to a constitutional
14   violation.  Crofton v. Roe, 170 F.3d 957, 961 (9th Cir.1999) (temporary delay or isolated incident
15   of delay in mail processing does not violate prisoner's First Amendment rights).
16        Plaintiff is reminded that the court cannot refer to prior pleadings in order to make his
17   second amended complaint complete.  Local Rule 220 requires that an amended complaint be
18   complete in itself without reference to any prior pleading.  This is because, as a general rule, an
19   amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th
20   Cir. 1967).  Once plaintiff files a second amended complaint, the prior pleading no longer serves
21   any function in the case.  Therefore, in a second amended complaint, as in an original complaint,
22   each claim and the involvement of each defendant must be sufficiently alleged.

**CONCLUSION**

24        Accordingly, IT IS HEREBY ORDERED that:
25        1. Plaintiff's amended complaint (Doc. No. 9) is dismissed;
26        2. Plaintiff is granted thirty days from the date of service of this order to file a second
27   amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules
28   of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the

6

docket number assigned to this case and must be labeled "Second Amended Complaint"; failure to file a second amended complaint in accordance with this order will result in dismissal of this action without prejudice; and

    3. The Clerk of the Court is directed to send plaintiff the court's form for filing a civil rights action.

Dated: February 18, 2014

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
buen0771.14am

7